Filed 7/17/24  P. v. Avila CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAIME JOHN AVILA III,<br><br>    Defendant and Appellant. | F085890<br><br>(Super. Ct. No. BF115840A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Kristine Koo, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, Christina Simpson, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Petitioner Jaime John Avila III petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his convictions for murder (§ 187, subd. (a)) and attempted murder (§§ 187, subd. (a), 664). The trial court denied the petition at the prima facie stage after determining the attempted murder conviction was "not part of the petition" and, as to the murder conviction, petitioner was the actual killer.

On appeal, petitioner argues the trial court erred in failing to provide a sufficient statement of reasons supporting denial of the petition, and determining the attempted murder conviction was not included in the petition. To the extent the latter issue is forfeited, he claims ineffective assistance of counsel. Additionally, petitioner contends he set forth a prima facie claim for resentencing on his attempted murder conviction because the record establishes it may have been based on the "kill zone" theory, which petitioner describes as an invalid, imputed malice theory of attempted murder. Finally, petitioner contends the trial court miscalculated his custody credits at his initial sentencing hearing by one day, an issue which the People concede.

We affirm the order denying the petition for resentencing but remand with directions for the court to correct the abstract of judgment concerning petitioner's custody credits.

# PROCEDURAL BACKGROUND[2]

On March 6, 2007, the Kern County District Attorney charged petitioner in an amended information with the willful, unlawful, deliberate, and premeditated murder of

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

[2] We dispense with a statement of facts as the facts underlying the offenses are not relevant to the issues presented on appeal.

2.

Wilton Wilson (§ 187, subd. (a); count 1); the attempted murder of Camellia G.[3] (§§ 187, subd. (a), 664; count 2), assault with a firearm on McKinley W. (§ 245, subd. (a)(2); count 3); unlawful possession of a firearm by a felon (former § 12021, subd. (a)(1); count 4); and attempting to dissuade a witness from testifying (§ 136.1, subd. (a)(2); count 5). As to counts 1 and 2, the information alleged petitioner personally discharged a firearm proximately causing great bodily injury or death (§ 12022.53, subd. (d)). As to counts 1 through 3, the information alleged petitioner personally used a firearm (§ 12022.5, subd. (a)). As to count 2, the information alleged petitioner personally discharged a firearm (§ 12022.53, subd. (c)). As to count 3, the information alleged petitioner personally inflicted great bodily injury on the victim (§ 12022.7). Additionally, the information alleged that petitioner previously suffered a prior serious felony conviction[4] that also constituted a strike (§§ 667, subds. (a), (c)–(j), 1170.12, subds. (a)–(e)).

On October 25, 2007, a jury convicted petitioner on count 1 of the included offense of second degree murder. On counts 1 through 4, the jury found petitioner guilty as charged.[5] The jury also found true the section 12022.53, subdivision (d) firearm enhancement to count 1; the section 12022.53, subdivision (c) firearm enhancement to count 2; the section 12022.5, subdivision (a) firearm enhancements to counts 1 through 3; and the section 12022.7 great bodily injury enhancement to count 3. In a bifurcated court trial, the court found the prior conviction allegations to be true. On March 18, 2008, the trial court sentenced petitioner to an aggregate term of 55 years to life, plus 52 years, 4

---

[3] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

[4] The prior serious felony conviction was alleged only as to counts 1, 2, 3, and 5.

[5] Count 5 was discharged or dismissed on motion of the district attorney in furtherance of justice. (§ 1385.)

months.  On appeal, this court affirmed.  (*People v. Avila* (Nov. 4, 2009, F055068) [nonpub. opn.] (*Avila*).)

On May 26, 2022, petitioner filed a petition for resentencing pursuant to section 1172.6.  The People opposed the petition and asked the court to take judicial notice of the record on appeal in *Avila*, *supra*, F055068, and the court files, records, jury instructions, and transcripts in the underlying criminal case.  As to the murder, the People argued the jury verdict and true finding on the section 12022.53, subdivision (d) enhancement established that petitioner was the actual killer.  As to the attempted murder, the People argued the jury verdict and true finding on the section 12022.53, subdivision (c) enhancement established petitioner was the actual perpetrator of the attempted murder and acted with intent to kill.

In response, petitioner argued his facially sufficient petition constituted a denial that he was the actual shooter.  Petitioner also argued the court should not take judicial notice of the appellate decision or trial transcripts, inasmuch as reliance on information contained therein would require factfinding regarding the underlying conviction, which was not appropriate at the prima facie review.  Petitioner asserted he met his prima facie burden and asked the court to issue an order to show cause.

The matter was heard on March 7, 2023.  The court reviewed the verdict form, which reflected petitioner's conviction of second degree murder on count 1, with true findings on enhancements pursuant to sections 12022.53, subdivision (d) and 12022.5, subdivision (a)(1).  The court also reviewed the verdict as to the other counts, noting the attempted murder on count 2 was "not part of the petition."  The court stated it had reviewed the jury instructions, which were "[p]retty standard jury instructions for a murder case."  The court further stated it would consider only the verdict form and jury instructions.  Based thereon, the court determined it was clear beyond a reasonable doubt that petitioner was the actual killer.  Accordingly, the court determined petitioner had not made a prima facie showing and the petition was denied.

4.

I.      **Section 1172.6 Procedure**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).)  Relevant here, the bill amended the natural and probable consequences doctrine by requiring that a principal act with malice aforethought before he or she may be convicted of murder or attempted murder.  (§ 188, subd. (a)(3); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).)  Now, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  The bill also amended the felony-murder rule by providing that a participant in a qualifying felony is liable for murder only if the victim was a peace officer in the performance of his or her duties, or the defendant was the actual killer, aided and abetted the actual killer in the commission of first degree murder with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life.  (§ 189, subds. (e), (f); accord, *Strong*, at p. 708.)

Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, [or] attempted murder under the natural and probable consequences doctrine" to seek vacatur of the conviction and resentencing.  (§ 1172.6, subd. (a).)  "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met."  (*Strong*, *supra*, 13 Cal.5th at p. 708.)  The sentencing court must then

determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Strong*, at p. 708.)

Our Supreme Court has emphasized that "the prima facie inquiry . . . is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.) The court may not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion' " at the prima facie stage. (*Ibid.*) Rather, the court must take the petitioner's factual allegations as true and must issue an order to show cause unless the record of conviction " ' "contain[s] facts refuting the allegations made in the petition." ' " (*Id.* at p. 971.)

" 'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 450.) If the trial court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder [or attempted murder] conviction and to resentence the petitioner on any remaining counts." (*Gentile, supra*, 10 Cal.5th at p. 853; accord, § 1172.6, subds. (c), (d)(1).)

We review the court's prima facie inquiry de novo. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

## II.    Statement of Reasons

Petitioner contends the order denying the petition must be reversed because the trial court failed to provide a sufficient statement setting forth its reasons. We disagree that the court's statement of reasons was inadequate and, in any event, petitioner was not prejudiced by the court's failure in this regard.

Section 1172.6 provides: "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Id*., subd. (b)(3)(c).) Here, the court provided a statement of its reasons for denying the petition. The court stated on the record that it had reviewed the verdict and jury instructions and,

based thereon, determined petitioner was the actual killer on count 1. Accordingly, the court determined petitioner had failed to state a prima facie claim for resentencing and the petition was denied. This statement is sufficient to facilitate appellate review and assure public confidence that the decision was reasoned, which are the purposes petitioner argues are fulfilled by this requirement. Petitioner does not explain how the court's statement of reasons is inadequate for these purposes.

Furthermore, even if we were to assume the court failed to comply with the requirement to provide a statement fully setting forth the reasons for denying an order to show cause, the error was harmless. To demonstrate prejudice from the failure to comply with the procedural components of section 1172.6 prior to the issuance of an order to show cause, petitioner must show it is reasonably probable that, absent the error, his petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974.) Here, petitioner does not dispute the court's determination that the record establishes he was the actual killer, nor does he dispute the determination that he is ineligible for resentencing as a matter of law on his murder conviction. Accordingly, there is no reasonable possibility that the court would have issued an order to show cause had it been required to provide a further statement of reasons supporting its decision as to the murder count. (*Id.* at p. 971; see *People v. Romero* (2022) 80 Cal.App.5th 145, 152.)

## III.  Petitioner is ineligible for resentencing on count 2 as a matter of law

Petitioner contends the court erred in concluding his attempted murder conviction was not part of the petition. He further contends he set forth a prima facie claim for resentencing on this count because the record of conviction shows that he may have been convicted under a "kill zone" theory, which he characterizes as an invalid theory of imputed malice.[6]

---

[6] The People contend petitioner forfeited this claim by failing to object when the trial court stated this count was not part of the petition. To the extent the claim is

7.

All parties agree, as do we, that the court erred in failing to address petitioner's claim for resentencing on count 2 for attempted murder. However, we conclude this error was harmless because the record establishes petitioner is ineligible for resentencing on this count as a matter of law.

### A. Section 1172.6 applies to certain convictions for attempted murder

A person convicted of "attempted murder under the natural and probable consequences" doctrine may petition for resentencing pursuant to section 1172.6. (§ 1172.6, subd. (a).) Petitioner filed a petition for resentencing, alleging that the charges against him permitted the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine. The trial court plainly erred in concluding the attempted murder on count 2 was "not part of the petition."

### B. Petitioner is ineligible for resentencing on count 2 as a matter of law

As stated, section 1172.6 permits resentencing on convictions for attempted murder only where the attempted murder conviction is based on a natural and probable consequences theory. (§ 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 548 ["Section [1172.6] applies by its terms only to attempted murders based on the natural and probable consequences doctrine."].) Here, the record establishes that petitioner was not convicted under a natural and probable consequences theory but rather as the actual perpetrator of the attempted murder who acted with intent to kill.

Petitioner's jury was not instructed on felony murder, the natural and probable consequences doctrine, or any theories of aiding and abetting. The jury was not given any instructions pertaining to a second perpetrator, or any instructions that would allow the jury to impute another perpetrator's malice to petitioner. Rather, to find petitioner guilty of attempted murder, the jury was required to find that petitioner "took at least one

forfeited, petitioner argues ineffective assistance of counsel. In light of the claim of ineffective assistance of counsel, we address and reject the claim on the merits.

8.

direct but ineffective step toward killing (another person)" and that he "intended to kill that (person)." This was the only theory on which the jury could find petitioner guilty of attempted murder. Taking a direct but ineffective step toward killing another with intent to kill remains a valid theory of attempted murder after the effective date of Senate Bill No. 1437. Because the jury necessarily found petitioner guilty of attempted murder under this theory, he is ineligible for resentencing as a matter of law.

Nevertheless, petitioner contends that, because the attempted murder instruction went on to describe the "kill zone" theory of express malice, he could have been convicted under an imputed malice theory that has been eliminated. We reiterate that section 1172.6 does not contemplate resentencing on attempted murder convictions rendered under a generalized imputed malice theory, but rather only under a natural and probable consequences theory. However, even assuming section 1172.6 resentencing is available to a petitioner who was convicted of attempted murder under a theory of imputed malice other than the natural and probable consequences doctrine, we reject petitioner's argument because the kill zone theory is not based on imputed malice.[7]

Attempted murder requires the specific intent to kill. (*People v. Lee* (2003) 31 Cal.4th 613, 623.) The kill zone theory of attempted murder is a "theory for establishing the specific intent to kill required for conviction of attempted murder." (*People v. Canizales* (2019) 7 Cal.5th 591, 607.) " '[I]n a kill zone case, the defendant has a primary target and reasons [that] he cannot miss that intended target if he kills everyone in the area in which the target is located.' " (*Ibid.*) To convict a defendant under the kill zone theory, the jury must find that the " 'defendant intended to kill everyone in the kill

---

[7] We therefore deny petitioner's request for judicial notice of certain reports in the legislative history pertaining to Senate Bill No. 775 (2021–2022 Reg. Sess.), which petitioner refers to in support of his contention that the Legislature intended to provide resentencing relief to persons convicted of attempted murder, or persons convicted of murder under an imputed malice theory. These reports would not alter our disposition.

9.

zone as a means of killing the primary target.' " (*People v. Mumin* (2023) 15 Cal.5th 176, 211.)

Here, the kill zone instruction provided, in relevant part: "A person may intend to kill a specific victim or victims and at the same time intend to kill anyone in a particular zone of harm or 'kill zone.' In order to convict the defendant of the attempted murder of Camel[l]ia [G.], the People must prove that the defendant not only intended to kill Wilton Wilson but also either intended to kill Camel[l]ia [G.], or intended to kill anyone within the kill zone." Consistent with this instruction, the prosecutor argued that the jury could only render a guilty verdict on this count if petitioner "was actually trying to kill [Camellia] or she was in this, what you heard the judge talk about, as a killing zone."[8] Thus, the instructions and argument made clear that the jury could only find petitioner guilty of attempted murder if it found he specifically intended to kill Camellia, or intended to kill Wilson and anyone else in the killing zone, including Camellia. By finding petitioner guilty of attempted murder, the jury necessarily found petitioner intended to kill Camellia. The jury did not find petitioner guilty under an invalid theory of imputed malice.

---

[8] Petitioner also points to the following statement by the prosecutor to suggest an imputed malice theory of attempted murder was available to the jury: "[I]f the defendant is not necessarily aiming at Wilton Wilson, you think that, but he is just firing into where Wilton Wilson could be or firing into a group of people and that he is doing that, that right there is an implied malice because he would know that that act of firing into the group is conscious disregard for human life." However, this argument pertained to the murder charge alleged in count 1 and accurately reflects the law of implied, rather than imputed, malice.

To the extent petitioner argues the kill zone instruction was "an erroneous statement of law," or that substantial evidence did not support a jury finding under a kill zone theory, we disagree that these arguments entitled him to a section 1172.6 evidentiary hearing. To be eligible for relief under section 1172.6, petitioner must show that he can no longer be convicted of murder "because of changes to Section 188 or 189 made effective [by Senate Bill No. 1437]." (§ 1172.6, subd. (a)(3).) However, Senate Bill No. 1437 made no changes to the kill zone theory or to the specific intent to kill requirement for attempted murder. The kill zone theory elaborates on circumstances in which a jury may infer intent to kill; it does not relate to the imputation of malice. Accordingly, petitioner cannot make the required showing. (See *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 936–937 [alleged error in the jury instructions on direct aiding and abetting did not support prima facie showing because Sen. Bill No. 1437 "did not *change* the law" on direct aider and abettor liability].)

In sum, petitioner is ineligible for resentencing on his attempted murder conviction as a matter of law, and the court's error in failing to address this aspect of the petition was harmless.

## IV.    Petitioner's custody credits were miscalculated

Petitioner argues, and the People concede, the trial court miscalculated his custody credits at his original sentencing hearing by one day.

Petitioner was taken into custody on September 7, 2006, and was sentenced on March 18, 2008. Although entitled to 559 days of credit for this period of custody, the court awarded petitioner only 558 days of custody credit. We may resolve this issue in the interests of judicial economy, even where it has not been raised in the trial court. (*People v. Jones* (2000) 82 Cal.App.4th 485, 493.)

Accordingly, we will order the abstract of judgment be corrected to reflect 559 days of actual custody credits.

11.

**<u>DISPOSITION</u>**

The order denying the section 1172.6 petition for resentencing is affirmed. The matter is remanded with directions for the court to correct the abstract of judgment to reflect that petitioner had accrued 559 days of actual custody credits at the time of sentencing, and to forward the corrected abstract of judgment to the appropriate authorities.

DETJEN, J.

WE CONCUR:


LEVY, Acting P. J.


PEÑA, J.